*211 OPINION OF THE COURT
Thomas A. Stander, J.
The petitioners, Diane Mohney and Laura Ferris, seek by order to show cause an order dissolving the Good Company General Store Cooperative pursuant to Business Corporation Law § 1104-a; or, in the alternative, an order directing the cooperative to account to each of the petitioners for the value of each petitioner’s capital account as of the day of the petition herein and awarding each petitioner judgment against the cooperative in the amount of each petitioner’s capital account, plus interest; and for such other and further relief.
The respondent, the Good Company General Store Cooperative (Good Company), submits a motion seeking an order striking out the petitioners’ order to show cause and directing the entry of a judgment in favor of the respondent and against the petitioners for the relief demanded in the motion, and for such other and further relief.
WORKER COOPERATIVE CORPORATION
Good Company is a worker cooperative corporation pursuant to article 5-A of the Cooperative Corporations Law. A member in the cooperative is “a natural person who has been accepted in and owns a membership share issued by a worker cooperative.” (Cooperative Corporations Law § 81 [2].) The amount of work performed as a member of a worker cooperative is the patronage. (Cooperative Corporations Law § 81 [3].) The statute declares that the by-laws or the certificate of incorporation shall establish qualifications and the method of acceptance and termination of members. (Cooperative Corporations Law § 88 [1].) Acceptance as a member is evidenced by a membership share, which is the class of voting stock of the cooperative. “Each member shall own only one such membership share, and only members may own such shares.” (Cooperative Corporations Law § 88 [2].) “The redemption price of membership shares may be determined by reference to internal capital accounts.” (Cooperative Corporations Law § 88 [4].) The statute requires that the certificate of incorporation or the by-laws “must provide for recall and redemption of the membership share upon termination of membership in the cooperative.” (Cooperative Corporations Law § 92 [2].)
The statute specifically sets forth that a corporation governed as a worker cooperative “shall be governed by all provisions of the business corporation law, except as otherwise provided in *212 this article [5-A of the Cooperative Corporations Law.]” (Cooperative Corporations Law § 84 [1].) The stockholders in this cooperative have all the rights and responsibilities of stockholders in a corporation under the Business Corporation Law. (Cooperative Corporations Law § 88.)
The parties who set up the Good Company worker cooperative, as authorized by statute, utilized its By-Laws to set forth the required criteria and standards governing this cooperative. The membership requirements include that the natural person contribute their labor on a full- or part-time basis. (By-Laws § 2.) The termination and redemption provisions for membership shares state as follows:
“Article 3 — Section 5
“Membership Termination. Upon voluntary or involuntary termination of a member’s employment by the corporation, except for temporary layoffs or absences, his or her membership shall be terminated and the membership share shall be redeemed by the corporation for consideration determined by reference to the internal capital accounts described in Article 4.
“Article 4 — Section 4
“Termination Distributions. Upon voluntary or involuntary termination of a member’s work in the corporation (excluding temporary layoffs or leaves), his or her membership share shall automatically be deemed to have been transferred to the corporation in return for the consideration specified in this paragraph, and the membership share shall be returned to the corporation. The account balance in the terminating person’s internal capital account shall be fixed after the adjustment at the end of that fiscal year, and the account shall be closed to any further patronage allocations. The written notices of allocation represented in the account, plus any otherwise unpaid interest, shall be redeemed in accordance with the section above entitléd Redemption of Written Notices of Allocation. After the year-end adjustments, if the portion of the account not represented by written notices of allocation has a positive balance, then that balance shall be paid to the person in consideration for the membership share in some combination of cash and promissory notes as the Board of Directors shall deem appropriate. After the year-end adjustments, if there is no balance in the person’s individual capital account which is not represented by written notices, then the membership share shall be returned to the corporation for no consideration.
“Dissolution Distributions. On the sale of all the assets, liquidation or dissolution of the corporation, any residual as *213 sets left after the payment of all debts and individual capital accounts shall be distributed in accordance with the ratio which each person’s term (duration of time) as a member bears to total terms by all members since inception of corporation, to all previous and current members or their heirs; except that no distribution need be made to any person who fails to acknowledge, in a timely manner, receipt of notice of liquidation. It shall be deemed sufficient notice to a current or former member to send notice of liquidation by certified mail, at least 30 days before distribution of any residual assets, to the person’s last known business or residence address. Any amounts unclaimed after sufficient notice shall be distributed in proportion to patronage to all previous and current members who acknowledge receipt of notice of liquidation.”
The terms of the By-Laws for termination and redemption of the membership share unambiguously state that when a member ceases work in the cooperative corporation the membership share “shall automatically be deemed to have been transferred to the corporation in return for the consideration specified”. The By-Laws, in accordance with the statute, includes provisions for determining consideration for the membership shares upon such termination. The statute requires the worker cooperative to set up its own terms for redemption of the membership shares because a member in a worker cooperative provides patronage to such cooperative by the amount of the person’s labor on behalf of the business. Therefore, when a member is no longer providing services to the cooperative, the statute requires provisions for redemption of the membership shares. (Cooperative Corporations Law §92.)
In this case Good Company, by its By-Laws, determined that upon termination of employment the membership shares automatically were deemed transferred to the corporation in return for specified consideration. This provision is in conformity with the statute, to ensure that all members in a worker cooperative are providing patronage to the corporation. In addition, the members were specifically provided the mechanism for redemption of shares and payment of consideration for such shares.
JUDICIAL DISSOLUTION
The petitioners are now alleging that they are entitled to judicial dissolution of the Good Company. In order to assert a right to dissolve a corporation under Business Corporation *214 Law § 1104-a, the petitioners must establish that they are the holders of 20% or more of all outstanding shares of the corporation. However, the membership shares of the petitioners were automatically deemed transferred to the corporation upon termination of petitioners’ work in the corporation.
This By-Law provision is consistent with the intent of the Cooperative Corporations Law that a worker cooperative allows “enterprises [to] be democratically controlled and operated by their own workers.” (Cooperative Corporations Law § 80.) This purpose would be thwarted by terminated members continuing to hold membership shares, with the attending rights and obligations.
Therefore, this court determines that the petitioners are not holders of 20% or more of the outstanding membership shares of Good Company. The petitioners have no standing to commence this judicial dissolution proceeding against Good Company. The petitioners’ motion for an order pursuant to Business Corporation Law § 1104-a dissolving the Good Company is denied.
The respondent’s motion to dismiss the dissolution proceeding commenced by petitioners is granted, with costs to respondent.
ACCOUNT AND JUDGMENT
The petitioners seek alternative relief for an order directing the cooperative to account to each of the petitioners for the value of each petitioner’s capital account as of the day of the petition herein and awarding each petitioner judgment against the cooperative in the amount of each petitioner’s capital account, plus interest. The petitioners, as terminated members of the worker cooperative, are entitled to the rights and payment of consideration for the redemption of membership shares upon termination of a member from the worker cooperative established by the By-Laws of the Good Company. The Good Company By-Laws are a contract between the corporation and its members, both current and past, until all obligations under that contract have been fulfilled. Good Company shall comply with the provisions set forth in its By-Laws. The petitioners’ alternative relief for an order directing the cooperative to account to each of the petitioners for the value of each petitioner’s capital account as of the day of the petition herein is granted.
To the extent that Good Company is required to comply with the terms of its By-Laws for termination distributions to its members, the petitioners’ application for payment is granted. *215 Good Company shall, subject to the supervision of this court, pay petitioners in accordance with section 3 of the By-Laws of the Good Company within 60 days of this decision and order.
All other alternative relief sought by the petitioners, including a request for an award of a jhdgment against the Good Company, is denied without prejudice.
ORDERED
Based upon all the papers submitted in support and in opposition to this order to show cause and motion, the above decision, and after due deliberation, it is hereby ordered that petitioners’ motion for an order pursuant to Business Corporation Law § 1104-a for the judicial dissolution of Good Company General Store Cooperative is denied; it is further ordered that the motion of respondent striking the petitioners’ order to show cause and directing the entry of judgment is granted in part, with costs, in that the petitioners’ application for the judicial dissolution of Good Company General Store Cooperative is dismissed; it is further ordered that the petitioners’ request for an order directing the cooperative to account to each of the petitioners for the value of each petitioner’s capital account as of the day of this order is granted; it is further ordered that to the extent that Good Company is required to comply with the terms of its By-Laws for termination distributions to its members, the petitioners’ application for payment is granted and Good Company shall pay petitioners in accordance with section 3 of the By-Laws of the Good Company within 60 days of this decision and order; and it is further ordered that all other alternative relief sought by the petitioners, including a request for an award of a judgment against the Good Company, is denied without prejudice.